UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 19-cv-62543-Altman/Hunt

IGNATIOS KAZOGLOU,

    Plaintiff,

vs.

AMERICAN EXPRESS
NATIONAL BANK and
NATIONWIDE CREDIT, INC.,

    Defendants.
_____/

## AMENDED COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012). *Mims v. Arrow Fin. Servs. LLC*, 2012 U.S. LEXIS 906 (U.S. 2012).

## PARTIES

3. Plaintiff, IGNATIOS KAZOGLOU, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, AMERICAN EXPRESS NATIONAL BANK, ("Amex") is a national banking association with its principal place of business at 4315 South 2700 West, Salt Lake City, UT 84184.

5. Defendant, NATIONWIDE CREDIT, INC., ("NATIONWIDE") is a corporation and citizen of the State of Georgia with its principal place of business at 1000 Abernathy Rd., Suite 200, Atlanta, Georgia 3032, and its registered agent for service of process is CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324.

6. Because AMEX is the creditor on whose behalf NATIONWIDE placed the calls, it is jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

7. Nationwide, on behalf of Amex, left dozens of pre-recorded telephone messages on Plaintiff's cellular telephone and called and hung-up without leaving messages on other occasions, ("the telephone messages").

8. Plaintiff believes Defendant, Nationwide, was calling him in an effort to collect a debt allegedly due from him.

9. Nationwide used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

10. None of Nationwide's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

11. Defendants willfully or knowingly violated the TCPA.

3

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

12. Plaintiff incorporates Paragraphs 1 through 11.

13. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. a declaration that Defendants calls violate the TCPA;

   c. a permanent injunction prohibiting Defendant from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

   d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>Debt Shield Law, P.A.
>Attorney for Plaintiff
>3440 Hollywood Blvd., Suite 415
>Hollywood, FL 33021
>Tel:    754-800-5299
>Fax:    305-503-9457
>service@debtshieldlawyer.com
>joel@debtshieldlawyer.com
>
> /s/ Joel D. Lucoff
>Joel D. Lucoff
>Fla. Bar No. 192163