UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-62543-RKA

IGNATIOS KAZOGLOU,

                Plaintiff,

vs.

AMERICAN EXPRESS NATIONAL BANK,

                Defendant.
_____/

### DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S MOTION TO COMPEL ARBITRATION AND MEMORANDUM OF LAW IN SUPPORT

Defendant American Express National Bank (hereafter "AMEX"), through undersigned counsel, hereby moves the Court for an Order compelling arbitration and staying this action pending arbitration, and in support of the same states as follows:

**I.**    **INTRODUCTION**

In this lawsuit, Plaintiff brings claims against AMEX related to one of several credit card accounts that Plaintiff holds with AMEX. (*See* Am. Compl. ¶¶ 6, 8). Specifically, Plaintiff alleges a single count for violation of the Telephone Consumer Protection Act (*Id.* at ¶¶ 12-13).

Upon opening his credit card accounts with AMEX, Plaintiff received a Cardmember Agreement corresponding to each account ("the Agreements").[1] Plaintiff indicated his assent to the terms within the Agreements when he used his credit card accounts.[2] By entering into these Agreements with AMEX, Plaintiff, among other things, agreed to a broad and all-encompassing Arbitration Provision which is contained in each of the Agreements (the "Arbitration Provision"). The Arbitration Provision declares that, *inter alia*:

---

[1] Declaration of Keith Herr, Ex. A, at Ex. 1-4 (Cardmember Agreements).
[2] Declaration of Keith Herr, Ex. A, at Ex. 3, (Cardmember Agreement) at page 1 of 10 ("When you use the Account (or you sign and keep the card), you agree to the terms of the Agreement.").

Shook, Hardy & Bacon L.L.P.
Miami Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | **t** 305.358.5171
4832-6586-8468

> "**If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court or have a jury trial on that claim.**" (emphasis in original).[3]

The Arbitration Provision further defines "Claim" as "any current or future claim, dispute or controversy relating to your Account(s), this Agreement, or any agreement or relationship you have or had with us, except for the validity, enforceability or scope of the Arbitration provision."[4]  The Arbitration Provision further provides that it is governed by the Federal Arbitration Act ("FAA").[5]

Additionally, Plaintiff was afforded the opportunity to opt out of the Arbitration Provision by mailing AMEX a written rejection notice by February 15, 2013. However, American Express has no records of Plaintiff notifying American Express of refusing to accept the terms of the arbitration provision.[6]

## II.   ARGUMENT

### A.   The FAA Requires The Parties to Arbitrate Plaintiff's Claims.

Plaintiff signed an enforceable arbitration agreement, which requires both Plaintiff and AMEX to arbitrate claims relating to Plaintiff's credit card accounts or the parties' relationship. By virtue of this Motion, AMEX elects to arbitrate Plaintiff's claims; accordingly, Plaintiff must now submit his claims to arbitration.  The FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  *Deitchman v. Bear Stearns Secs. Corp.*, No.: 07-60405, 2007 U.S. Dist. LEXIS 94796 at *7 (S.D. Fla. 2007) ("Any case 'involving' interstate commerce where arbitration is at issue . . . will be governed by the Federal Arbitration Act.")

---

[3] *Id.* at page 6 of 10.
[4] *Id.*
[5] *Id.*
[6] Declaration of Keith Herr, at ¶ 7.

(citing *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265 (1995) (The FAA is to be read broadly, extending its reach to the limits of Congress' power under the Federal Constitution's commerce clause). Thus, the FAA places arbitration agreements "upon the same footing as other contracts." *Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989) (citation omitted).

Not only does the FAA require the enforcement of arbitration agreements, but it "declare[s] a national policy favoring arbitration." *Nitro-Lift Techs., L.L.C. v. Howard*, 133 S. Ct. 500, 503 (2012) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)). When a contract contains an arbitration clause, a strong presumption in favor of arbitration exists, and courts must submit the dispute to arbitration unless there is "positive assurance" that the clause does not cover the dispute. *United Steel Workers of Am., AFL-CIO-CLC v. Saint Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417, 428-29 (6th Cir. 2007) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). The FAA represents "a congressional declaration of a liberal federal policy favoring arbitration agreements." *Dimattina Holdings, LLC v. Steri-Clean, Inc.,* 195 F.Supp.3d 1285, 1288 (S.D. Fla. 2016) (citing *Moses H. Cone*, 460 U.S. 1, 24-25 (1983)).

This Court routinely enforces arbitration agreements pursuant to the FAA. *See, e.g. Emplrs. Ins. of Wausan v. Bright Metal Specialties*, 251 F.3d 1316, 1326 (11th Cir. 2001) (affirming order compelling arbitration and dismissing the case); *Ben-Yishay v. Mastercraft Dev., LLC*, 553 F. Supp. 2d 1360, 1368 (S.D. Fla. 2008) (granting motion to compel arbitration and staying case pending arbitration); *Alvarez v. Royal Carribean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1340 (S.D. Fla. 2012) (granting motion to compel arbitration and dismissing case).

In deciding a motion to compel arbitration under the FAA, this Court considers three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived. *See, e.g., Sims v. Clarendon Nat'l Ins. Co.,* 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (setting forth three issues the court generally considers); *Mercury Telco Grp. Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1354 (S.D. Fla. 2009); *Integrated Sec. Svcs. v. Skidata, Inc.*, 609 F. Supp. 2d 1323, 1324 (S.D. Fla. 2009).

Here, as shown below: (1) there is a valid written agreement to arbitrate; (2) the parties' dispute is plainly arbitrable; and (3) AMEX has not waived its right to arbitration. Accordingly, the Plaintiff should be compelled to arbitrate his claims against AMEX.

**1.     There is a Valid Written Agreement to Arbitrate.**

The FAA mandates that arbitration agreements are to be enforced "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. While state law governs the interpretation of "generally applicable contract defenses, such as fraud, duress, or unconscionability," the party seeking to avoid arbitration bears the burden of establishing these defenses. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745-46 (2011); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000); "[I]n applying general state-law principles of contract interpretation to the interpretation of an arbitration agreement within the scope of the [FAA]," however, "due regard must be given to the federal policy favoring arbitration." *Volt Info. Scis., Inc.*, 489 U.S. at 475-76.

Here, AMEX and Plaintiff agreed to be bound by the Arbitration Provision by entering into the Agreements containing that provision. As provided above, the Arbitration Provision specifically states that "any claim" must be resolved, by the election of either party, by

arbitration. Additionally, despite the fact that Plaintiff was afforded the opportunity to reject the Arbitration Provision, Plaintiff did not notify AMEX of his refusal to be bound by its terms. Therefore, Plaintiff bound himself to the clear arbitration requirements by proceeding to use his accounts with AMEX. The parties' relationship and arbitration agreement involved interstate commerce, and enforcement of the parties' arbitration agreement is governed by the FAA. *Deitchman*, LEXIS 94796 at *7. Plaintiff's agreement to arbitrate is enforceable, and therefore Plaintiff must submit his claims to arbitration.

### 2. Plaintiff's Claims Are Clearly Arbitrable.

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," and "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24-25; *Randolph*, 531 U.S. at 91 (citations omitted).

Here, there can be no doubt that Plaintiff's claims against AMEX are governed by the arbitration agreement. As cited above, the plain language of the agreement requires that "any claim, dispute or controversy between you and us arising from or relating to your Account" is covered by the Arbitration Provision and must be submitted to arbitration at either party's election. Each of Plaintiff's claims against AMEX clearly relates to his credit card account with AMEX, such that they are covered by the Arbitration Provision. *See e.g., Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000) (finding that "any dispute, claim or controversy that may arise between me and my firm" constituted broad and effective language sufficient to include statutory claims); *Ben-Yishay,* 553 F. Supp. at 1368 (citing *Prima Pain Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) (finding that claim for fraudulent inducement was referable to arbitration where arbitration clause was broad and

governed "claims arising out of or relating to" the contract)); *Alvarez*, 905 F. Supp. 2d at 1340 (finding that FDUTPA claim was arbitrable).

### 3. AMEX Has Not Waived Its Right to Compel Arbitration.

A party only waives its right to arbitrate when it "has acted inconsistently with the arbitration right" by "'substantially invok[ing] the litigation machinery' prior to demanding arbitration…". See *S & H Contractors, Inc. v. A.J. Taft Coal Co.,* 906 F.2d 1507, 1514 (11th Cir. 1990) (party waived right to arbitrate by litigating for eight months without seeking to compel arbitration). Because there is a strong public policy favoring arbitration, any party arguing that another party has waived the right to arbitrate bears a heavy burden of proof in demonstrating such a waiver occurred. *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982).

Here, AMEX has *not* acted inconsistently with its arbitration right and has *not* substantially invoked this Court's "litigation machinery." Rather, AMEX has acted promptly in seeking to compel arbitration and, aside from a request for an extension, its participation in this litigation has been limited to filing two unopposed motions for extensions of time to respond to the Complaint. (Doc. 11, 16). As such, it has clearly not waived its right to arbitrate. *See, e.g., Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216, 1222-1223 (party did not waive right to arbitrate even though it failed to include arbitration demand in its answer and engaged in discovery for brief period before moving to compel arbitration).

### B. The Court Should Stay These Proceedings.

The FAA provides that a court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the

terms of the agreement." 9 U.S.C. § 3. Since the arbitration agreement governing Plaintiff's claims here mandates arbitration of this dispute at either party's election, and because AMEX so elects arbitration, this Court should stay these proceedings and issue an order directing the parties to proceed with arbitration of Plaintiff's claims. *Id.; Azavedo v. Royal Caribbean Cruises, Ltd,* 4 F.Supp.3d 1357, 1361 (S.D. Fla. 2014) (action stayed where parties entered into valid, enforceable arbitration agreement which covers the dispute).

### III.   CONCLUSION

For the foregoing reasons, AMEX requests that this Court enter an order compelling arbitration of Plaintiff's claims and staying these proceedings.

WHEREFORE, Defendant American Express National Bank respectfully requests that the Court enter an Order compelling arbitration of Plaintiff's claims and staying these proceedings.

Dated: February 18, 2020

Respectfully submitted,

By: */s/ Geri E. Howell*
Geri E. Howell
Florida Bar No. 0594261
ghowell@shb.com
coruna@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida  33131-4332
Telephone:  (305) 358-5171
Facsimile:  (305) 358-7470

*Counsel for Defendant American Express National Bank*

-7-
Shook, Hardy & Bacon L.L.P.
Miami Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | t 305.358.5171

4832-6586-8468